UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                    RESPONDENT,                    CASE NO: 04-80422

                                                   DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                                   MAGISTRATE JUDGE STEVEN D. PEPE
VS.

JAMES LOSSIA,

                    PETITIONER,

_____/


**ORDER DENYING PETITIONER'S MOTION FOR COURT
TO TAKE JUDICIAL NOTICE (DKT. #26)**

        Petitioner James Lossia has filed a petition with the Court pursuant to the provisions of

28 U.S.C. §2255 (Dkt. #27).  In his petition, Lossia requests that his conviction and sentence be

vacated, contending that the attorneys who represented him at proceedings before the District

Court provided ineffective assistance.  Lossia has also filed a motion with this Court entitled

"Petitioner's Motion for the Court to Take Judicial Notice" (Dkt. #26).  In this pleading, Lossia

states that he will not waive the attorney-client privilege with his attorneys of record, Mr. Paul

Renaldi and Mr. James Thomas, relative to his §2255 claim until he has had the opportunity to

cross examine his attorneys at an evidentiary hearing.  Thus, this submission will be treated as a

motion to preserve Petitioner's attorney-client privilege until he has had an opportunity to cross

examine his attorneys at an evidentiary hearing.  All pre-trial matters were referred under 28

U.S.C. § 636(b) on December 19, 2007 (Dkt. #29).  For the reasons indicated below, Petitioner's

1

motion is **DENIED**. Petitioner may maintain his attorney-client privilege with regard to his attorneys, Mr. Paul Renaldi and Mr. James Thomas, if he chooses to withdraw his § 2255 petition. Otherwise it will be waived.

The attorney-client privilege cannot be used as a sword and a shield at the same time. *In re von Bulow*, 828 F.2d94, 103 (2nd Cir 1987); *see also Clark v. United States*, 289 U.S. 1, 15 (1933). When a individual calls into public question the competence of his attorney, the attorney-client privilege is waived. *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). A habeas petitioner who injects issues which require testimony from his attorneys or testimony concerning the reasonableness of the conduct of his attorneys, impliedly waives the attorney-client privilege. *See, Johnson v. Alabama*, 256 F.3d 1156, (11th Cir. 2001); *Bittaker v. Woodford*, 331 F.3d 715, (9th Cir. 2003). The privilege is waived to the extent necessary to litigate the petitioner's ineffective assistance of counsel claims. *See Mason v. Mitchell*, 293 F. Supp. 2d 819 (N.D. Ohio 2003).

In the present case, Petitioner alleges, among other things, that his attorneys 1) failed to inform him of this right to indictment by a grand jury, and 2) failed to present mitigating evidence of which he was aware at the sentencing hearing. As litigation of Lossia's claims necessarily requires examination of protected communications, he must waive the attorney-client privilege. *United States v. Blizerian*, 926 F.2d 1285, 1292 (2nd Cir. 1991). Furthermore, the government is not in a position to investigate or address Petitioner's claims until such time as government counsel has the opportunity to speak with and obtain relevant documents from former counsel for petitioner.

The attorney-client privilege is one of the oldest recognized privileges. "The privilege is

intended to encourage 'full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.' " *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998)(quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).  Although the privilege typically is the client's to assert or waive, courts have recognized that a client implicitly waives the attorney-client privilege by putting the attorney's performance at issue during subsequent litigation.  *Hunt v. Blackburn*, 128 U.S. 464 (1888); *Bittaker*, 331 F.3d at 718-20 (9th Cir.2003).  In those types of cases, the court imposes an implied waiver of the privilege to the extent necessary to litigate the claim.  *Bittaker*, 331 F.3d at 720.

   In determining the extent of the implied waiver in a habeas context, a court must balance the competing interests of the federal courts to fully litigate the habeas claim before it with the state's interests in maintaining the integrity of the state-created attorney-client privilege.  *Id.* at 721.  Although the Sixth Circuit has yet to issue an opinion squarely addressing this issue, the Ninth Circuit has found that the waiver in habeas cases should be limited to the extent necessary to litigate a petitioner's ineffective assistance of counsel claims.  *Bittaker*, 331 F.3d at 722.  It reasoned that, "[i]f the federal courts were to require habeas petitioners to give up the privilege categorically and for all purposes, attorneys representing criminal defendants in state court would have to worry constantly about whether their case files and client conversations would someday fall into the hands of the prosecution." *Id.*  Thus, that court held, a habeas court should limit its waiver to the extent necessary for the state to defend the ineffective assistance claim.  *Id.*

   The Court therefore finds that the Petitioner has implicitly waived his attorney-client privilege by asserting ineffective assistance of counsel claims in his petition.  Accordingly,

Petitioner's motion is **DENIED** and Respondent is permitted to interview Petitioner's former counsel, but only to the extent necessary to litigate Petitioner's habeas claims.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: January 23, 2008                    s/ Steven D. Pepe
Ann Arbor, MI                            United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 23, 2008
                            s/ Alissa Greer
                            Alissa Greer
                            Courtroom Deputy Clerk
                            United States District Court