UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    RESPONDENT,    CASE NO: 04-80422

              DISTRICT JUDGE LAWRENCE P. ZATKOFF
              MAGISTRATE JUDGE STEVEN D. PEPE

vs.

JAMES LOSSIA,

    PETITIONER,

_____/

## ORDER REQUIRING AN EVIDENTIARY HEARING

Petitioner James Lossia was convicted in the United States District Court for the Eastern District of Michigan of identity theft and access device fraud. He subsequently appealed his conviction and sentence alleging, among other things, that the sentencing court committed numerous errors in sentencing. The Sixth Circuit rejected Petitioner's claims and affirmed his conviction. *United States v. Lossia*, 193 Fed. Appx. 432 (6th Cir. 2006). Petitioner has now filed a timely habeas petition under 28 U.S.C. §2255 challenging his conviction and sentence, and requesting an evidentiary hearing (Dkt. #27). This matter has been referred for Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) (Dkt. #29).

The Sixth Circuit Court of Appeals provides the background to Petitioner's claim:

> On September 28, 2004, a two-count information was filed against Petitioner, alleging that Petitioner committed identify theft, in violation of 18 U.S.C. § 1028(a)(7), and access device fraud, in violation of 18 U.S.C. § 1029(a)(2). Petitioner waived indictment and thereafter entered a plea agreement with the government, whereby

1

> Petitioner agreed to a sentencing range of 77 to 96 months. As part of the plea agreement, the government also promised to move for a downward departure in exchange for substantial assistance. The sentencing judge rejected this plea agreement, however, at Petitioner's first sentencing hearing on February 25, 2005. The district court then gave Petitioner one month in which to reconsider his decision to plead guilty.
>
> After taking one month to reconsider his plea of guilty, Petitioner decided to move forward with a plea of guilty without the benefit of an accepted plea bargain. According to the Presentence Investigation Report, Petitioner's adjusted offense level was 19 and his criminal history score a 28, placing him in the highest criminal history category, Category VI. The recommended sentence was therefore 63 to 78 months of incarceration. U.S. Sentencing Guidelines Manual § 5A (2004). The district court determined that a greater sentence was called for, in large part because of Petitioner's extensive criminal history of committing the same type of crimes. In reaching its sentencing determination, the district court rejected Petitioner's objections to the Presentence Investigation Report's calculation of his criminal history score, determining that, contrary to Petitioner's contentions, certain of Petitioner's prior offenses were not "related" such that they merited fewer criminal history points. The district court therefore sentenced Petitioner to 98 months incarceration, to be followed by three years of supervised release. The maximum statutory incarceration term for Petitioner's violation of 18 U.S.C. § 1028(a)(7) is 15 years. 18 U.S.C. § 1028(b)(1). The maximum statutory incarceration term for a violation of 18 U.S.C. § 1029(a)(2) is 10 years. 18 U.S.C. § 1029(c)(1).

*Lossia*, 193 Fed. Appx. at 433.

On appeal, Petitioner argued that the district court committed numerous errors in sentencing, including an unjustifiable upward departure from the Sentencing Guidelines recommended range for his offense. The Court of Appeals affirmed his conviction and held that: (1) the district court did not clearly err in finding that defendant had not shown that his prior financial fraud offenses were related; (2) defendant failed to show that the district court demonstrated impermissible bias such that he was denied a fair sentencing; and (3) under the

plain error standard, Petitioner's sentence was not unreasonable. *United States v. Lossia*, 193 Fed. Appx. 432.

In his habeas petition, Petitioner raises four issues claiming ineffective assistance of counsel:

- A. He did not knowingly and voluntarily waive his right to be charged by indictment.
- B. The sentencing court incorrectly determined his criminal history because counsel did not present court records of prior convictions to substantiate petitioner's claim that certain prior convictions were related for purposes of computation of his criminal history.
- C. Counsel should have sought the recusal of the sentencing judge who allegedly exhibited bias toward the petitioner.
- D. Counsel failed to provide the Court with evidence of the petitioner's history of mental disorders.

For Issue A, Petitioner contends that he was denied his right to indictment by grand jury due to ineffective assistance of counsel and an abuse of discretion by the Magistrate Judge for failing to follow Rule 7(b) of the Federal Rules of Criminal Procedure (Dkt. #27, pp. 4, 6-7). Petitioner contends that he was unaware of his right to be indicted and was not informed by either counsel or the Magistrate Judge.

In *U.S. v. Danou,* 260 Fed. Appx. 864, 867, 2008 WL 185805, at *3 (6th Cir. Jan 23, 2008), the defendant claimed that the district court erred by not informing him of the nature of the charges and of his right to proceed by way of indictment. The Sixth Circuit found, however, that Rule 7(b)

> does not require that the district court provide this information to the defendant. *Moore*, 37 F.3d at 173. '[T]here is no reason why the requisite advice cannot come from defense counsel,' the usual source. *Id.* (citing *United States v. Liboro*, 10 F.3d 861, 863 (D.C. Cir.1993)). So long as someone informed Danou of the charges and of his rights, he could validly waive prosecution by indictment. Danou does not claim that Steingold [Danou's original counsel] failed to explain the charges to him."

3

In the present case, Petitioner's trial counsel, James C. Thomas, has provided the Court with a sworn affidavit in which he claims that it was "well understood between Mr. Lossia and myself, as well as Attorney Paul Rinaldi who was assisting in the State probation violation, that we would waive Mr. Lossia's constitutional right to an indictment of this matter and proceed by way of a plea to an Information in order to expedite this process" (Dkt. #38, Ex. A, p. 3). Mr. Thomas further states:

> . . . I confirm that Mr. Lossia was very aware of his right to proceed by way of an Indictment. He wished to waive Indictment. He was very concerned about the timing of events in this case and the nature and extend of the charges that were going to be brought. By proceeding in the fashion which he did, we attempted to address those concerns for him. He knowingly, willfully and intentionally waived his right to an Indictment with full awareness of what he was doing.

*Id.*

In Petitioner's reply brief, he claims "Mr. Thomas's affidavit contains inacurate (sic) information beyond the scope of Mr. Thomas's knowledge" (Dkt. #45, p. 3). Petitioner claims further that Mr. Thomas has no personal knowledge that Petitioner was advised of his constitutional rights to indictment by grand jury because Mr. Thomas was not present when Paul Renaldi presented the waiver of indictment form to Petitioner for his signature. *Id.* Petitioner contends that only attorney Paul Renaldi would have knowledge of whether he was advised of his rights concerning grand jury indictment. *Id.* at 4. Petitioner requests that the Court grant him an evidentiary hearing where he can call both Mr. Renaldi and Mr. Thomas as witnesses and question them under oath regarding their representation of Petitioner and the facts surrounding Petitioner's waiver of indictment. *Id.* at 5.

Having reviewed all filings with this Court and the applicable case law, it is determined that an evidentiary hearing should be held for the limited purpose of determining whether

4

Petitioner knowingly and voluntarily waived his right to be charged by indictment. It is anticipated that Mr. Renaldi and Mr. Thomas may be called as witnesses. Accordingly, on this same date, the Court has entered an Order appointing counsel from the Federal Defender Office to represent Petitioner in this case, and help him prepare for the evidentiary hearing. The evidentiary hearing shall be held on December 18, 2008, at 2:00 pm in the United States District Court located on 200 E. Liberty Street in Ann Arbor, MI, 48107.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

                                                s/Steven D. Pepe
                                                United States Magistrate Judge

Dated: November 10, 2008
Ann Arbor

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 10, 2008.

                                                s/V. Sims
                                                Case Manager